AD 106 (REV.7/87) Affidavit for Search Warrant                                    AUSA J. Gregory Deis 312-886-7625

# UNITED STATES DISTRICT COURT

_____NORTHERN_____    DISTRICT OF_____ILLINOIS, EASTERN DIVISION_____

The premises known as 2846 W. 39th Place, Unit F,
Chicago, Illinois, as further described in Attachment A.

**UNDER SEAL**

## SEARCH WARRANT

### CASE NUMBER:

TO:  _Matthew W. Holbrook_  and any Authorized Officer of the United States      **07M447**

Affidavit(s) having been made before me by   _Matthew W. Holbrook_   who has reason to believe that ____
on the person of or  _x_  on  the premises known as (name, description, and/or location)

## See Attachment A

In the  _____Northern_____    District of   _____Illinois, Eastern Division,_____there is now
concealed a certain person or property, namely (describe the person or property to be seized)

## See Attachment B

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the
person or property so described is now concealed on the person or premises above-described and establish
grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before   _____December 28, 2007_____

                                                                    Date
(not to exceed 10 days) the person or place named above for the person or property specified, serving this
warrant and making the search (in the daytime - 6:00 A.M. to 10:00 P.M.) ~~(at any time in the day or night as I
find reasonable cause has been established)~~ and if the person or property be found there to seize same, leaving a
copy of this warrant and receipt for the person or property seized and promptly return this warrant to _Magistrate
Judge Sidney I. Schenkier_, as required by law.

_December 19, 2007_     At _1:35 pm_                    CHICAGO, ILLINOIS
Date                     Time                           City and State

Sidney I. Schenkier, MAGISTRATE JUDGE
Name & Title of Judicial Officer                       Signature of Judicial Officer

<u>ATTACHMENT A</u>

## PREMISES TO BE SEARCHED:

**The premises known as 2846 W. 39th Place, Unit F, Chicago Illinois.**

The premises to be searched is the first-floor apartment, Unit F, of a white-frame house known as 2846 W. 39th Place, Chicago, Illinois. The address has two units in the primary residence (along with a separate coach house, which is not to be searched, located at the rear of the property, with the numbers 2846 displayed on the alley side). The only visible house number is a black 28 on the east side on the screen door. The building has a chain link fence in front with a gate. The entrance to the first floor unit, Unit F, is a wrought iron white screen door in the front of the residence and located at the top of a set of concrete stairs. (The second unit, which is not to be searched, is in the basement, with the entrance in the back of the building on the west side.)



**ATTACHMENT B**

## ITEMS TO BE SEIZED:

1. Any controlled substances, including but not limited to cocaine, and drug paraphernalia for packaging, cutting, weighing, and distributing controlled substances.

2. Financial information and statements, books, records, receipts, cash disbursement journals, cashier's checks, money orders, telegrams, letters of credit, bank statements, tax returns and other records related to the receipt, expenditure and concealment or other disposition of income, which may be maintained in either paper form or on computers, computer disks, CD-ROM disks, DVD disks or other related equipment;

3. United States Currency, jewelry, and precious metals;

4. Records, notebooks, memoranda, receipts, ledgers, photographs, lists, documents containing contact information for suppliers, couriers, customers and other documents relating to the purchase, sale or distribution of controlled substances, which may be maintained in either paper form or on computers, computer disks, CD-ROM disks, DVD disks or other related equipment;

5. Books, records, lists, receipts, bank and savings and loan records of deposit, statements and other bank records, letters of credit, money orders, cashiers' checks, passbooks, canceled checks, certificates of deposit, lease agreements, loan records, customer account information, income and expense summaries, cash disbursement journals, financial statements, state and federal income tax returns, and other documents relating to the receipt and other disposition of income and related financial information pertaining to the purchase, lease, sale or other disposition of real or personal property, including real estate, vehicles, jewelry and furniture, which may be maintained in either paper form or on computers, computer disks, CD-ROM disks, DVD disks or other related equipment;

6. Indicia of ownership, occupancy or residency of the premises being searched, including utility and telephone bills, keys, lease agreements, mortgage records, loan documents, service contracts, remodeling contracts and repair contracts;

7. Safes, safety-deposit boxes, keys for safety-deposit boxes, hidden compartments and other secure locations, which often contain the proceeds of narcotics-trafficking activity, including large amounts of United States currency, financial instruments, precious metals, jewelry, rare coins, works of art, and other items of value, as well as books and records regarding the acquisition, use, and disposition of such items of value;

8. Photographs and videotapes of defendants with coconspirators and assets obtained from drug proceeds;

9. Mobile cellular telephones, pagers and other related equipment and the contents thereof, including antennas and power sources;

10. Unauthorized access devices, commonly known as cellular telephone cloning devices, and the contents thereof; and

11. Money counting machines.

## ADDENDUM TO ATTACHMENT B (FOR COMPUTER SEARCHES)

This warrant does not authorize the "seizure" of computers and related media within the meaning of Rule 41(c) of the Federal Rules of Criminal Procedure. Rather this warrant authorizes the removal of computers and related media so that they may be searched in a secure environment. The search of any computer shall be conducted pursuant to the following protocol: With respect to the search of any computers or electronic storage devices seized from the premises identified herein, the search procedure of electronic data contained in any such computer may include the following techniques (the following is a non-exclusive list, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein):

      a.     examination of all of the data contained in such computer hardware, computer software, and/or memory storage devices to determine whether that data falls within the items to be seized as set forth herein;

      b.     searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth herein (any data that is encrypted and unreadable will not be returned unless law enforcement personnel have determined that the data is not (1) an instrumentality of the offenses, (2) a fruit of the criminal activity, (3) contraband, (4) otherwise unlawfully possessed, or (5) evidence of the offenses specified above);

      c.     surveying various file directories and the individual files they contain to determine whether they include data falling within the list of items to be seized as set forth herein;

      d.     opening or reading portions of files in order to determine whether their contents fall within the items to be seized as set forth herein;

      e.     scanning storage areas to discover data falling within the list of items to be seized as set forth herein, to possibly recover any such recently deleted data, and to search for and recover deliberately hidden files falling within the list of items to be seized; and/or

      f.     performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are likely to appear in the evidence described in Attachment B.

Any computer systems and electronic storage devices removed from the premises during the search will be returned to the premises within a reasonable period of time not to exceed 30 days, as dictated by the volume and complexity of the items seized, excluding any items or materials deemed to be contraband or materially relevant to this investigation, or unless otherwise ordered by the Court.